734

JOHN JANSEN, Indiv. and as Assignee of Cointel Corporation, Plaintiff-Appellant, v. AMERITEL, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—93—0541

Opinion filed August 26, 1994.

Steven O. Ross, of Chicago, for appellant.

Leonard E. Blum, of Chicago, for appellees.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

The plaintiff, John Jansen, appeals from an order dismissing his amended complaint on the ground that the complaint was barred by the statute of limitations.

The plaintiff filed a complaint on April 11, 1990, naming "Cointel Corporation" as the plaintiff. In paragraph 2 of the complaint, which was captioned "Parties," the complaint alleged that "pursuant to the resolution duly passed by directors of then existing Cointel Corporation, all right, title and interest to this action has been assigned to John H. Jansen." The two-count complaint alleged that the defendants, Ameritel, Inc., and Mervyn Dukatt, had tortiously interfered with contracts Cointel had with approximately 200 persons. The complaint was signed in the name of "Cointel Corporation, by John H. Jansen as successor" by its then attorney, Brian Schultz. Attached to the complaint was an affidavit of Jansen in which he alleged he "was the president of Cointel Corporation and am now the duly authorized successor and assignee of all rights, title and claims of Cointel Corporation."

The defendants filed an answer and an affirmative defense which alleged that the plaintiff's causes of action were barred by a two-year statute of limitations. The plaintiff's reply denied that the action was barred by a two-year statute of limitations. The parties participated in discovery; and the defendants filed a motion for a bill of particulars. On July 3, 1991, the plaintiff's attorney, Brian Schultz, was granted leave to withdraw and the plaintiff was ordered to file an appearance within 21 days. No appearance was filed within 21 days, and the defendants moved to dismiss the complaint on the ground that the plaintiff failed to file an appearance and that a corporation may not proceed *pro se*. The motion to dismiss was granted on October 4, 1991.

On November 4, 1991, Jansen, through new counsel, filed a motion to vacate the dismissal on the ground that the action was brought on behalf of Cointel and Jansen individually. The defendants responded to the motion to vacate and denied that there were any allegations in the complaint indicating that the action was brought by "John Jansen, individually and as successor in interest" or that

Jansen was a party plaintiff. On January 15, 1992, Jansen's motion to vacate the dismissal was denied, and he was given leave to file an amended complaint. The first amended complaint, filed on February 11, 1992, named as plaintiff "John Jansen, individually and as successor in interest to Cointel Corporation, an Illinois corporation."

The defendants moved to dismiss, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), on the following grounds: (1) that the complaint failed to allege when Jansen became assignee or successor in interest to Cointel or what interest he acquired; (2) that Cointel was dissolved on July 1, 1984, and any action must have been brought within five years according to the corporate survival statute (Ill. Rev. Stat. 1991, ch. 32, par. 12.80); and that the plaintiff's allegations, which sounded in slander or personal injury, were time-barred under a two-year statute of limitations. The defendants attached to their motion a copy of the "Certificate of Dissolution of Domestic Corporation," which stated that Cointel was dissolved on January 2, 1986, for failure to file an annual report and failure to pay an annual franchise tax.

Jansen filed a response, and the defendants filed a reply. In the reply the defendants attached a copy of two orders relating to the judicial dissolution of Cointel. The October 8, 1985, order judicially dissolved Cointel due to a deadlock of shareholders and ordered Jansen to account for "all assets and funds of Cointel which were received, spent, used, appropriated, or otherwise employed for the entire life of said corporation." The April 7, 1986, order granted U.S. Phone Company for its attorney fees the proceeds of the assets sale, which totalled $1,257. The order does not state what items were included in the accounting or what assets were sold.

On November 4, 1992, Jansen filed an affidavit alleging that on April 30, 1985, Cointel was in good standing; that he was a director and shareholder on that date; and that pursuant to a resolution, Cointel assigned to him "all claims, demands, and causes of action *** which Cointel has or may have had" against the defendants. He also attached a copy of the assignment which stated in part:

> "For value received, the undersigned stockholders and directors of Cointel *** give their approval and sell, assign and transfer to John H. Jansen and his successors, assigns and personal representatives, any and all claims, demands, causes of action of any kind whatsoever which Cointel Corporation has or may have against Mervyn Dukatt, individually and/or as an officer, director, or stockholder of Ameritel, Incorporated, and Ameritel, Incorporated, arising from their tortious interference with Cointel Corporation's contracts."

The trial judge dismissed the complaint on the ground that the first amended complaint was not filed within the statute of limitations controlling causes of action for tortious interference with a contract, which the judge held, contrary to the defendants' argument, was five years.

■ We will first consider the plaintiff's invocation of the law of pleading, described as the law of "relation-back." Section 2—616(a) of the Code of Civil Procedure provides that prior to final judgment, an amendment may be allowed to introduce "any party who ought to have been joined as plaintiff or defendant." (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(a).) Section 2—616(b) also provides that a cause of action set up in an amended pleading shall not be barred by the statute of limitations, "if the time prescribed or limited had not expired when the original pleading was filed" and if the cause of action asserted "in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(b).) It is the position of the plaintiff that his first amended complaint meets the requirements of sections 2—616(a) and (b). The only argument made by the defendants dealing with the relation-back question is their contention that the causes of action asserted in the original complaint and the amended complaint are different. Our brief answer is that the allegations of both complaints are not different; in fact, they are identical.

■ We will take the defendants' other arguments in order. They maintain that the first complaint was defective in that it failed to allege any assignment by Cointel to Jansen with sufficient specificity. Our immediate answer is that the defendants answered the complaint, filed a motion for a bill of particulars and made no claim that the assignment was improperly pleaded. If they had made such a claim, the plaintiff could have amended the complaint to provide the specifics of the assignment (as he later did).

■ The defendants' next argument may be summarized: The cause of action was based on acts occurring throughout 1985. The assignment to Jansen was executed to Cointel on April 30, 1985. The assignment did not give Jansen rights to tortious acts committed by the defendants after April 30, 1985. Because the original and amended complaints failed to designate when each of the 200 contracts occurred, it must be presumed that the tortious interference occurred both before and after April 30, 1985. Since Jansen acquired only the right to proceed on any tort committed by the defendants before April 30, "[t]hose tortious acts committed before April 10, 1985, cannot relate back to the filing of the original complaint on April 10, 1990." The defendants conclude:

"Jansen['s] rights as assignee to proceed are limited to tortious acts between April 11, 1985, and April 30, 1985, if the amended complaint can relate back to the original complaint. However, the original complaint lacks sufficient facts to establish there existed the same transaction or occurrences in the amended complaint."

There are a number of reasons for rejecting the defendants' argument. Again, if there was a deficiency in the pleadings, the plaintiff should have been given the opportunity to correct it. We note that the defendants did not raise this argument in their motion for a bill of particulars. In addition, that the plaintiff might have been restricted to damages for only a certain period is not a reason to dismiss the entire complaint. Most important, however, and controlling, is the fact that the assignment was for all claims, without limitation, that Cointel had against the defendants.

In our judgment, this case depends on the interpretation of section 12.80 of the Business Corporation Act of 1983. (Ill. Rev. Stat. 1991, ch. 32, par. 12.80.) That section provides that within five years after dissolution a corporation may maintain an action for any civil remedy available for a claim which existed before the date of dissolution. It also provides that the action may be prosecuted by the corporation in its corporate name. Common sense tells us that someone has to bring the action on behalf of the dissolved corporation. Clearly, Jansen, as the former president and a 50% shareholder, had standing to bring it. Similarly, as the assignee of the corporation's rights against the defendants, Jansen could have filed the action in his own name. And we see no reason why he could not sue in the corporation's name and identify himself as the assignee of the corporation, which he did. The corporation was dissolved on January 2, 1986. The corporation had until January 2, 1991, to file suit. Suit was filed on April 11, 1990. The original complaint met all the requirements of section 12.80. The record shows that the parties were aware of section 12.80. The defendants raised it in their motion to dismiss, and the plaintiff cited it in his response to the motion to dismiss. In the first amended complaint, Jansen did no more than what he could have done in the original complaint. He based his claim upon the assignment.

In *Marcus v. Art Nissen & Son, Inc.* (1991), 224 Ill. App. 3d 464, 586 N.E.2d 694, a complaint named as a plaintiff a person who had died over eight months before the filing of the complaint. While the complaint was pending, the applicable statute of limitations expired. The defendants moved to dismiss on the grounds that the plaintiff was dead on the date the complaint was filed and that the lawsuit was a nullity. The plaintiff sought leave to amend the complaint by

substituting the wife of the deceased as administrator of her husband's estate as the party plaintiff. The plaintiff asked that the amended complaint relate back to the date the original complaint was filed. The trial court denied the motion to amend and dismissed the complaint. The appellate court reversed with this observation:

> "The legislative intent of the relation back provision in section 2—616 has been construed as the preservation of causes of action against loss by reason of technical rules of pleading. [Citation.] Relation back has been allowed in several cases where a complaint was filed on behalf of a deceased plaintiff in the name of a person who had not yet been appointed administrator or in the name of an administrator whose appointment was in some way defective. [Citations.] We find the reasoning expressed in these cases instructive, even though none of them addressed the precise situation presented in the case at bar, where the complaint was actually filed in the name of the deceased plaintiff." *Marcus*, 224 Ill. App. 3d at 466-67.

We believe that the *Marcus* case, which was cited by the plaintiff in the trial court and in this court, is analogous authority here. If the relation-back provision applies in the case of a dead plaintiff, who obviously lacked the capacity to sue, *a fortiori*, it should apply in this case where the corporation, although legally dead, possessed the statutory authority to maintain an action. We judge, therefore, that the first amended complaint should not have been dismissed.

The defendants also make a veiled suggestion that Jansen did something wrong in other proceedings in the circuit court. The order to which the defendants refer provided that Jansen was to provide an accounting of all assets and funds of Cointel which "were received, spent, used, appropriated, or otherwise employed for the entire life of the said corporation." We have no way of knowing how Jansen accounted and whether the assignment was disclosed. The record is bereft of any proof of wrongdoing by Jansen. Moreover, if others may have recourse against Jansen, that fact would not excuse tortious conduct on the part of the defendants.

In view of our holding, it is unnecessary for us to discuss the question of whether the identification of the corporation in the first complaint was a misnomer, a question which the parties have extensively argued.

For these reasons, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

RAKOWSKI and GIANNIS, JJ., concur.